# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 17-1974V
(Not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
JEANA MILTON,                              *
Personal Representative of the Estate of   *
Thirza Arlene Bagley, Deceased,            *       Special Master Corcoran
                                           *
                                           *       Filed: May 28, 2019
                  Petitioner,              *
        v.                                 *
                                           *       Attorney's Fees and Costs; Lack of Expert;
SECRETARY OF HEALTH                        *       Reasonable Basis.
AND HUMAN SERVICES,                        *
                                           *
                  Respondent.              *
                                           *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Scott W. Rooney*, Nemes, Rooney P.C., Farmington Hills, MI, for Petitioner.

*Robert P. Coleman, III*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEY'S FEES AND COSTS[1]

On December 19, 2017, Jeana Milton filed a Petition on behalf of the Estate of Thirza Arlene Bagley, seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that the late Ms. Bagley developed Herpes simplex virus ("HSV") encephalitis after receiving the influenza ("flu") and Zoster vaccines on March 8, 2015, and that Ms. Bagley's death on December 20, 2015, was the result of cardiorespiratory arrest

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). **This means that the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its current form. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act.

secondary to her HSV encephalitis. Pet. at 2–3 (ECF No. 1). Unable to secure expert support for her claim, Ms. Milton filed a Motion seeking dismissal of the Petition on March 6, 2019, and I subsequently dismissed the action. Decision, dated Mar. 11, 2019 (ECF No. 27).

On April 12, 2019, Petitioner filed a motion seeking a final award of attorney's fees and costs. *See generally* Pet'r's Mot. for Fees and Costs (ECF No. 30) ("Mot."). Petitioner requests $8,646.00 in attorney's fees, representing 31.4 hours of work done by counsel Mr. Rooney and a legal assistant. *Id.* at 2; Ex. 1 to Mot. at 1–4. Petitioner also requests costs in the total sum of $1,122.22, reflecting expenditures to obtain medical records, legal research fees, postage expenses, and the filing fee in this matter. Mot. at 2; *see also* Ex. 1 to Mot. at 4–5; Ex. 2 to Mot.  Respondent reacted to the Fees Motion on April 26, 2019, indicating that he defers to my discretion in determining whether the Act's requirements for an award of fees and costs have been met. Response at 2–3 (ECF No. 27).

## ANALYSIS

I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Allicock v. Sec'y of Health & Human Servs.*, No. 15-485V, 2016 WL 3571906, at *4–5 (Fed. Cl. Spec. Mstr. May 26, 2016), *aff'd on other grounds*, 128 Fed. Cl. 724 (2016); *Gonzalez v. Sec'y of Health & Human Servs.*, No. 14-1072V, 2015 WL 10435023, at *5–6 (Fed. Cl. Spec. Mstr. Nov. 10, 2015). In short, a petitioner can receive a fees award even if her claim fails, but to do so she must demonstrate the claim's reasonable basis through some objective evidentiary showing and in light of the "totality of the circumstances," including all facts relevant to the to the case. *See Chuisano v. Sec'y of Health & Human Servs.*, 116 Fed. Cl. 276, 286 (2014) (citing *McKellar v. Sec'y of Health & Human Servs.*, 101 Fed. Cl. 303, 303 (2011)).

Although Petitioner did not prevail in this case, I find that her claim had sufficient reasonable basis to justify a final award of fees. The flu vaccine is covered by the Vaccine Act, though the Zoster vaccine is not. *See* 42 C.F.R. § 100.3(a) (2018). In at least one other Vaccine Program case, a petitioner has been able to secure expert support for a claim of vaccine-caused HSV encephalitis (though the claim involved different vaccines, and the petitioner did not prevail in that case). *Doe v. Sec'y of Health & Human Servs.*, No. XX-XXXX, 2010 WL 3154546, at *10–11 (Fed. Cl. Spec. Mstr. July 26, 2010). Additionally, Ms. Bagley's health purportedly began to decline sharply within two weeks after vaccination with no other apparent cause. *See* Ex. 4 at 1, filed Jan. 18, 2018 (ECF No. 9). Taken together, I find that these factors provided a reasonable basis for the contention that the flu vaccine caused Ms. Bagley's HSV encephalitis and subsequent death.

I now turn to calculating what amount of fees is appropriate in this case. Determining what constitutes a reasonable award of attorney's fees is a two-part process. The first step involves application of the lodestar method—"multiplying the number of hours reasonably expended on the

litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347-48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second step involves adjusting the lodestar calculation up or down in light of various relevant factors. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983). In any Vaccine Program case in which attorney's fees are sought, the sum awarded must be "reasonable." Section 15(e)(1). Special masters may in their discretion reduce attorney hours *sua sponte*, apart from objections raised by Respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209–09 (2009); *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992) (special master has "wide discretion in determining the reasonableness" of attorney's fees award).

Petitioner requests the following rates of compensation for Mr. Rooney: $300.00 per hour for work performed in 2017, and $350.00 per hour for work performed in 2018–19. Mot. at 2. Petitioner also requests that a legal assistant be compensated at a rate of $60.00 per hour for work performed from 2017–19. Ex. 1 to Mot. at 1–4. I have previously awarded Mr. Rooney and his legal assistant the requested rates for 2017 and 2018, and I will again apply those rates here. *See, e.g.*, *Parlette v. Sec'y of Health & Human Servs.*, No. 17-1227V, 2018 WL 7201927, at *2 (Fed. Cl. Spec. Mstr. Dec. 27, 2018).

The amount of time spent on this matter (25.6 attorney hours and 5.8 legal assistant hours) also appears to be reasonable. *See* Ex. 1 to Mot. at 1–4. I note with approval that Mr. Rooney did not bill excessively once it became apparent that Petitioner would not be able to secure expert support for her claim. *See id.* at 4. I therefore award in full the requested attorney's fees. I also find that the costs requested are reasonable and will award them in full.

Accordingly, I hereby award final attorney's fees and costs in full, a sum of $9,768.22, in the form of a check jointly payable to Petitioner and Scott W. Rooney, Esq. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[3]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.